UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTY JUNE TAYLOR,

    Plaintiff,

v.

U.S. GOVERNMENT and
INTERNAL REVENUE SERVICE,[1]

    Defendants.
_____/

Case No. 2:18-cv-11185

HONORABLE STEPHEN J. MURPHY, III

## **OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [10]**

On April 13, 2018, pro se Plaintiff Betty June Taylor filed her complaint based on "the Internal Revenue Service's failure to issue a refund" to her. ECF 1, PgID 1. Plaintiff filed an application to proceed in forma pauperis, which the Court granted. ECF 6. On August 3, 2018, Defendants filed a motion to dismiss. Plaintiff subsequently responded, ECF 12, and filed a motion to strike, ECF 11. The Court has reviewed the briefs and finds that a hearing is unnecessary. For the reasons below, the Court will grant Defendants' motion on jurisdictional grounds and thus will not address Plaintiff's motion to strike.

### **BACKGROUND**

On April 30, 2016, Plaintiff mailed her IRS 1040 tax return for 2015. ECF 1, PgID 1, 4. Plaintiff indicated that she earned $18,383.00 in wages, salaries, or tips. ECF 10-3, PgID 85. She earned $2,240 in wages, tips, and other compensation, ECF 10-5, and received $15,783 in pension benefits, ECF 10-6. She further indicated that $41,629.00 in

---

[1] Plaintiff contends that the Internal Revenue Service ("IRS") is not an agency of the United States and that the Department of Justice ("DOJ") cannot serve as counsel for the IRS. *See* ECF 12, PgID 110. The IRS, however, is a bureau of the Department of Treasury and is properly represented by the DOJ.

1

federal tax was withheld from her income. ECF 10-3, PgID 86. That amount actually corresponds to the price listed for a 2015 Dodge Journey that Plaintiff sold to LLAP Auto Lease, Ltd. ECF 10-7, PgID 93. Finally, Plaintiff claimed a $3,317.00 earned income credit. ECF 10-3, PgID 86.[2] Plaintiff indicated that her total payments were $44,946.00 and that she was entitled to a complete refund of that amount. *Id.* (comparing lines 74 and 75). In December 2016, to "protect [Plaintiff] from identity theft," the IRS sought to verify Plaintiff's identity. ECF 1, PgID 6.

On April 19, 2017, Plaintiff filed an amended return. *Id.* at 1. Plaintiff avers that the amended return was for "the amount of $104,304.00." *Id.*[3] Plaintiff's amended tax return dated April 15, 2017, however, seeks a refund of $44,946.00. ECF 10-4, PgID 87.

On July 20, 2017, Plaintiff received an adjusted refund letter that calculated her refund at $40,821.75. ECF 1, PgID 11, 13 (listing total payments as $41,629.75 and total tax of $808.00—a difference of $40,821.75). On July 21, 2017, Plaintiff received another letter from the IRS explaining that she had filed "a claim of refundable credits" to which she was not entitled, that the IRS considered the tax return frivolous, and that the filing could result in a $5,000 penalty unless she withdrew the frivolous return. *Id.* at 16–17.

---

[2] Plaintiff's claimed earned income tax credit exceeded the amount of her earned income. *Compare* 26 U.S.C. § 32(c)(2)(A) (defining earned income as "wages, salaries, tips, and other employee compensation, but only if such amounts are includible in gross income for the taxable year") *with* 26 U.S.C. § 32(c)(2)(B)(ii) (stating that "no amount received as a pension or annuity shall be taken into account" as earned income).

[3] Plaintiff did not attach her original or amended tax returns to either her complaint or her response to Defendants' motion to dismiss. Defendants did attach the original tax return, ECF 10-3, and the amended tax return, ECF 10-4, to their motion to dismiss. Neither tax return presents any basis for a refund exceeding $100,000.

Plaintiff mailed her guardianship papers and her granddaughter's social security card to the IRS to confirm her entitlement to the credit. *Id.* at 2.

Then, in August 2017, the IRS mailed Plaintiff another letter seeking to verify her identity. *Id.* at 21. In October 2017, the IRS sent Plaintiff a revised refund letter that reflected an "increase in credit" of $3,317.00, which entitled her to a refund of $44,946.75. *Id.* at 28. On November 30, 2017, Plaintiff filed a claim for a refund. *See id.* at 30;[4] ECF 10-2, PgID 84.[5] In December 2017, the IRS mailed multiple letters to Plaintiff regarding the status of her inquiry into her refund. ECF 1, PgID 36–37. Finally, in January 2018, the IRS mailed Plaintiff another letter acknowledging receipt of another inquiry. *Id.* at 35. Plaintiff alleges that she "tendered payment to the IRS in the amount of $5,000 on February 5, 2018" to pay the penalty assessment. ECF 10-2, PgID 84.

Plaintiff's complaint sought refunds of $104,304.00 for her amended 1040 tax return ("Return Refund") and for the penalty payment of $5,030.77 ("Penalty Refund"). *Id.*

## STANDARD OF REVIEW

Rule 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A 12(b)(1) motion "can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). When considering a factual attack pursuant to Rule 12(b)(1), federal courts have "broad discretion with respect to what

---

[4] Plaintiff neither signed nor dated the claim for refund.

[5] Plaintiff's complaint is missing a page, but the missing page is included as an exhibit to Defendants' motion to dismiss. *Compare* ECF 1, PgID 1–2 *with* ECF 10-2. When reviewing a 12(b)(1) motion, the Court can review evidence outside the pleadings.

3

evidence to consider," which may include "evidence outside the pleadings[.]" *Id.* Moreover, courts have "the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759–60; *see Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). A court is "empowered to resolve factual disputes" at the 12(b)(1) stage. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Finally, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Cartwright*, 751 F.3d at 760 (citing *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)).

## DISCUSSION

I. <u>Motion to Dismiss</u>

Defendants presents three theories for dismissing Plaintiff's claim to the Return Refund: (1) under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claim is frivolous; (2) under Rule 12(b)(6) because the claim fails to state a claim for relief; and (3) under Rule 12(b)(1) because the Court lacks subject matter jurisdiction. Moreover, Defendants contend that the Court lacks subject-matter jurisdiction over Plaintiff's Penalty Refund claim. The Court will address the jurisdictional issue.

Federal courts are "courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Ordinarily, sovereign immunity precludes suit against the United States. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). If the United States has not waived sovereign immunity for a particular claim, courts must dismiss the case on jurisdictional grounds. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Congress has waived sovereign immunity in tax-refund suits for "any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority[.]" 28 U.S.C. § 1346(a)(1).

Waiver of sovereign immunity is appropriate only if two jurisdictional prerequisites exist. First, § 1346(a)(1) "requires full payment of the assessment before an income tax refund suit can be maintained" in a federal district court. *Flora v. United States*, 362 U.S. 145, 177 (1960). Second, a taxpayer must have "duly filed" a "claim for refund or credit" with the Secretary of the Treasury. 26 U.S.C. § 7422(a); *see Stocker v. United States*, 705 F.3d 225, 229 (6th Cir. 2013) (citing *Thomas v. United States*, 166 F.3d 825, 828–29 (6th Cir. 1999)).

*A. Return Refund*

Defendants assert that Plaintiff's Return Refund claim fails because she "never made any payment to the IRS for the 2015 tax year" and failed to "provide[] any proof of payment." ECF 10, PgID 75. As evidence of Plaintiff's failure to pay, Defendants present the unsworn declaration of Bruce E. Clark, a Revenue Officer/Advisor in the IRS Civil Enforcement Advice and Support Operations group. ECF 10-8.[6] Mr. Clark stated that, after reviewing Plaintiff's information on the IRS database, "the IRS has never received any withheld tax payment" for Plaintiff's 2015 federal income tax account. *Id.* at 95.

---

[6] Mr. Clark made his declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

5

Plaintiff responds with several arguments.[7] First, she argues that the Court has jurisdiction under 31 U.S.C. § 5118. ECF 12, PgID 107. Section 5118 concerns gold clauses and suits involving currency litigation; the section does not provide a basis for the Court to exercise jurisdiction in Plaintiff's tax-refund case.

Second, Plaintiff argues that "the IRS claims that [she] was a victim of" identity theft and that "only through discovery" could the perpetrator be discovered. *Id.* Plaintiff overstates the issue. First, the IRS sent Plaintiff two letters seeking to verify her identity to protect her from identity theft. ECF 1, PgID 6–7, 21–22. Second, the IRS sent Plaintiff a confirmation that it received her identity theft claim. *Id.* at 26. It appears, then, that Plaintiff filed a claim of identity theft. Regardless, the identity theft issue does not help establish the Court's jurisdiction.

Third, Plaintiff argues that Defendants failed to provide "any evidence from the Internal Revenue Service . . . refuting [her] claim" or the determination made in the refund letters. ECF 12, PgID 106–07. Here, Plaintiff misapprehends who carries the burden; Plaintiff, not Defendants, must demonstrate subject-matter jurisdiction. *See Cartwright*, 751 F.3d at 760.

Finally, Plaintiff points to two refund letters she received from the IRS. *See* ECF 1, PgID 11–14, 28. The letters indicated that Plaintiff may be entitled to refunds slightly more than $40,000. Plaintiff avers that the Court would have to either "think[] that the Internal Revenue Service is totally incompetent" or "would have to enforce [the IRS's] determination" made in the refund letters. ECF 12, PgID 106.

---

[7] Although Plaintiff presented only one issue regarding Defendants' 12(b)(1) argument, *see* ECF 12, PgID 107–08, the factual issues presented throughout the response are relevant to the Court's jurisdictional analysis.

6

But Plaintiff did not receive any communication from the IRS indicating an entitlement to an amount near $104,304.00. Furthermore, in her amended tax return, Plaintiff sought $41,629.00 in withheld tax and $3,317.00 in an earned income credit. *See* ECF 10-4, PgID 87 (lines 12, 14, and 17). Plaintiff presented no evidence that she had tax withheld in an amount of $104,304.00.

Because Plaintiff did not present facts that she paid $104,304.00, she fails the first prerequisite of the United States' waiver of sovereign immunity in tax-refund suits. The United States is therefore immune from suit for Plaintiff's Return Refund claim. As a result, the Court lacks subject matter jurisdiction.

*B. The $40,000 Refund Amounts*

Even if the Court were to assume that Plaintiff presented sufficient facts that she had tax withheld in the amount of either $40,821.75 or $44,946.75—and that the United States' waiver of immunity applied to the claim—the Court still would be required to dismiss Plaintiff's claim.

In cases involving in forma pauperis plaintiffs, courts "shall dismiss the case at any time if the court determines that the action" is "frivolous." 28 U.S.C. 1915(e)(2)(B)(i). An in forma pauperis complaint is frivolous when "it lacks an arguable basis either in law or in fact," including when it contains "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under § 1915, courts may "dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

Plaintiff's claim to the $40,000 refunds lacks an arguable basis in fact. Her original and amended tax returns show an annual income of only $18,383. *See* ECF 10-3, PgID

85, ECF 10-4, PgID 87.[8] It is a fanciful factual allegation that the tax withheld from Plaintiff's income could exceed her total annual income. Even if Plaintiff were able to argue that the Court had jurisdiction to consider the claimed $40,000 refunds, the claim is frivolous because the factual contentions are clearly baseless. The claim must be dismissed.

    *C. Penalty Refund.*

Defendants aver that Plaintiff's claim for the Penalty Refund similarly fails to show that she made the payment or that she filed a claim for a refund. Mr. Clark declared that the IRS has not received a payment for Plaintiff's penalty assessment. ECF 10-8, PgID 95.

Plaintiff responds with several arguments. First, she contends that the IRS "has not submitted any proof that my collateral for the penalty assessed was not accepted" and that she "ha[s] not received any correspondence contrary to that fact." ECF 12, PgID 109. Again, Plaintiff, not Defendants, bears the burden of shoing that the Court has jurisdiction.

Second, Plaintiff cites Article 3 of the Uniform Commercial Code regarding the tender of payment. *Id.* UCC 3-603 does not relate to whether the Court has jurisdiction to decide the merits of the case.

---

[8] Plaintiff also apparently submitted an OID-1099 Form claiming an original issue discount of $41,629.75 in 2015 for a 2015 Dodge Journey. *See* ECF 10-7. Defendants contend that Plaintiff engaged in "1099-OID fraud," which further demonstrates the frivolity of Plaintiff's refund claims. *See* ECF 10, PgID 68–70. Because Plaintiff did not include the amount as income in her annual tax returns, and makes no mention of the 1099-OID form, the Court need not address the issue.

Third, Plaintiff suggests that she has no contract with the Department of Justice and that the Internal Revenue Service is not an agency of the United States. *Id.* at 110. Again, the argument fails to establish the Court's jurisdiction.

Fourth, Plaintiff cites 12 U.S.C. § 411 (authorizing federal reserve notes); 12 U.S.C. § 412 (establishing the process for federal reserve banks to apply for federal reserve notes); 18 U.S.C. § 8 (defining "obligation or other security of the United States" in the criminal code); and 12 U.S.C. § 95a(2), which is no longer valid. *See* ECF 12, PgID 110–11. None of the cited provisions provides a basis for the Court's jurisdiction.

Finally, Plaintiff offers only one piece of evidence that she submitted payment to the IRS for the penalty assessment. *See* ECF 10-2, PgID 84 (referencing exhibit 13, which appears to be a photocopy of a postage receipt); *see also* ECF 1, PgID 33. She submits no other evidence that she made the payment. Moreover, she fails to submit any evidence that she "duly filed" a "claim for refund" under 26 U.S.C. § 7422(a).

Plaintiff fails to show, therefore, that she satisfies the prerequisites for the United States' waiver of sovereign immunity in tax-refund suits. Defendants are immune from suit and the Court lacks subject matter jurisdiction over Plaintiff's Penalty Refund claim.

II.   Motion to Strike

Because the Court lacks jurisdiction over Plaintiff's claims, it cannot decide Plaintiff's motion to strike. The Court will an additional clarification. Generally, tax returns and return information remain confidential. 26 U.S.C. § 6103(a) (prohibiting certain persons from disclosing "any return or return information"). An exception exists, however, "if the taxpayer is a party to [a federal judicial] proceeding" pertaining to the taxpayer's

tax liability. *Id.* at § 6103(h)(4)(A). Here, Plaintiff's suit, in which she is a party, relates to her tax refund. The disclosure, therefore, did not violate 26 U.S.C. § 6103.

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss [10] is **GRANTED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 10, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager